**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                                                 **Case No. 86-CR-101**

**JOHN V. THOMPSON,**

        **Defendant.**

---

# DECISION AND ORDER

---

This matter is before the Court on the pro se motion of defendant John V. Thompson ("Thompson") to execute payment of court costs and fine pursuant to 18 U.S.C. § 3572. Thompson indicates that he is confined at the Federal Medical Center in Lexington, Kentucky. He states that he was required to pay $25.00 per quarter through the Inmate Financial Responsibility Program ("IFRP") but that the amount was increased to $50.00 a month. Thompson states that he cannot meet the burden because he is medically unassigned and therefore ineligible to participate in the IFRP. He states that the institution staff expects him to solicit money from friends and family to satisfy his payment obligation and that if the money is not sent, he will be sanctioned pursuant to Bureau of Prisons's policy. He requests that the Court suspend payments that it imposed or set payments at $25.00 per quarter.

On September 9, 1986, a federal grand jury in this District returned a two-count indictment against Thompson charging him with bank robbery by intimidation in violation of 18 U.S.C. § 2113(a) and § 2 (Count One), and armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and § 2. Following a four-day jury trial over which United States District Judge Robert W. Warren presided, a verdict of guilty on both counts was returned.

On February 19, 1987, Judge Warren sentenced Thompson to 15 years of incarceration on each count to be served consecutively for a total of 30 years. Judge Warren imposed restitution in the amount of $45,873.75 to be paid prior to the expiration of Thompson's sentence, and a special assessment of $50.00 per count also to be paid prior to Thompson's sentence. The matter was assigned to this Court because it is the successor to Judge Warren's judgeship.

To the extent that Thompson wants this Court to restrict the Bureau of Prisons's collection efforts, the proper avenue would be to file a petition pursuant to 28 U.S.C. § 2241. Such a petition must be filed in the district of Thompson's confinement, 28 U.S.C. § 2241(d); *Moore v. Olsen*, 368 F.3d 757, 759 (7th Cir. 2004), after exhausting his administrative remedies. *See McGhee v. Clark*, 166 F.3d 884, 885-87 (7th Cir. 1999).

This Court is without authority to suspend or waive Thompson's restitution requirement. While the government may petition for the remission of a **fine**, under 18 U.S.C. § 3572, there is no provision for a defendant to do so. *See United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). Moreover, Thompson is obligated to pay restitution, not a fine.

2
Case 2:86-cr-00101-RTR   Filed 01/18/07   Page 2 of 3   Document 28

Nonetheless, Thompson's motion may be construed as seeking relief under 18 U.S.C. § 3664(k), which relates to restitution. Therefore, the Court will require that the government and the Probation Office file a response to Thompson's motion, and will give Thompson an opportunity to file a reply.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The government and the United States Probation Office **SHALL** file a response to Thompson's motion to execute payment of court costs and fines **no later than February 23, 2007.**

Thompson may file a reply **no later than March 23, 2007.**

Dated at Milwaukee, Wisconsin this 18th day of January, 2007.

                         **BY THE COURT**

                         s/ Rudolph T. Randa
                         **Hon. Rudolph T. Randa**
                         **Chief Judge**