# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                             **Case No. 86-CR-101**

**JOHN V. THOMPSON,**

      **Defendant.**

## DECISION AND ORDER

This matter is before the Court on defendant John V. Thompson's ("Thompson") pro se motion to execute payment of court costs and fine pursuant to 18 U.S.C. § 3572. By a January 18, 2007, decision and order, the Court construed Thompson's motion as a motion for relief under 18 U.S.C. § 3664(k), which relates to restitution and directed that the government and the Probation Office file responses. Those responses oppose the motion. The time has passed for Thompson to file a reply. Therefore, his motion is ready for resolution.

On September 9, 1986, a federal grand jury in this District returned a two-count indictment against Thompson charging him with bank robbery by intimidation in violation of 18 U.S.C. § 2113(a) and § 2 (Count One), and armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and § 2 (Count Two). Following a four-day jury trial over which United States District Judge Robert W. Warren presided, a verdict of guilty on both counts was returned.

On February 19, 1987, Judge Warren sentenced Thompson to 15 years of incarceration on each count to be served consecutively for a total of 30 years. Judge Warren imposed restitution in the amount of $45,873.75, and a special assessment of $50.00 per count – both are to be paid prior to Thompson's sentence. The matter was assigned to this Court because it is the successor to Judge Warren's judgeship.

Thompson who is confined at the Federal Medical Center in Lexington, Kentucky, states that he was required to pay $25.00 per quarter through the Inmate Financial Responsibility Program ("IFRP") but that the amount was increased to $50.00 a month. Thompson states that he cannot meet the burden because he is medically unassigned and therefore ineligible to participate in the IFRP. He states that the institution staff expects him to solicit money from friends and family to satisfy his payment obligation and that if the money is not sent, he will be sanctioned pursuant to Bureau of Prisons's policy. He requests that the Court suspend payments that it imposed or set payments at $25.00 per quarter.

Section 3664(k) provides only for adjustment of payment schedules; not suspension. Moreover, having reviewed the parties' submissions, the Court concludes that Thompson has not established a basis for an adjustment of his restitution payment schedule. He has not presented a "material change in his economic circumstances." *See* 18 U.S.C. § 3664(k). The Probation Department indicates that Thompson's case manager has advised that although Thompson has several medical concerns, the case manager believes there is a job at the institution which he could perform. Additionally, institution records showing deposits to Thompson's prison account (Resp. to Mot., Ex. 3) reveal average monthly deposits of $155

per month from June 20, 2006 through January 14, 2007. Receipts from Thompson's expenditures disclose that he primarily purchases discretionary food items (Resp. to Mot., Ex 4.) Those optional food items are in addition to the meals provided by the institution. Thompson has not established a material change in his economic circumstances as required for relief under 18 U.S.C. § 3664(k), and therefore his motion is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Thompson's motion to execute payment of court costs and fines (Docket No. 27), construed as a motion for adjustment of restitution payment schedule under 18 U.S.C. § 3664(k), is **DENIED**.

Dated at Milwaukee, Wisconsin this 5th day of April, 2007.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**